MONMOUTH COUNTY PUBLISHING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided May 29, 1939.

For the plaintiff, *Thomas P. McKenna.*

For the defendant, *Snyder, Roberts & Pillsbury.*

KINKEAD, S. C. C. The plaintiff is the owner of the newspaper known as the *Long Branch Daily Record,* and has started suit to recover for the cost of advertisements of certain sheriff's sales, which were printed and published in said newspaper.

The defendant moves to strike the complaint on the ground that the same does not disclose a cause of action.

The advertisements were ordered and authorized by a former sheriff of Monmouth county during the years 1930, 1931 and 1932. It appears that although the sheriff's office collected in advance from each complainant, the cost of the newspaper advertising fees in each instance, that the plaintiff was never paid by the sheriff, and has now started suit against the county of Monmouth.

It is manifest that the plaintiff can only maintain its action on the theory that the sheriff in ordering the printing of the legal advertisements was acting as the agent of Monmouth county.

*Comp. Stat., p. 4643, §§ 38, 39,* provide that costs, allowances, percentages and all other perquisites of whatever kind which by law sheriffs may receive for any official acts or services rendered shall be accounted for by the sheriffs to the county collectors of their respective counties.

Section 40 provides that a sheriff is personally liable for the payment to his county of all fees and costs specified in section 38; and further provides that it shall be lawful for a sheriff to exact the payment of such fees and costs in advance before performing any service in his office for which costs, fees or compensation is allowed; and provides further that it shall be lawful for a sheriff to receive from suitors and their attorneys or any person having business with the sheriff's office reasonable deposits of money in advance to cover such fees and costs.

Deposits of money to secure the expense of advertising and printing fees paid to a sheriff by complainants cannot be classified as fees, costs, allowances, percentages or perquisites as set forth in section 38. Therefore there was no obligation on the part of the sheriff to account to his county for whatever deposits were thus collected by him.

There is nothing in section 40 which would preclude a complainant from refusing to post such a deposit with a sheriff, because such a deposit cannot conceivably be held to cover any official service to be rendered to a complainant by a sheriff. A complainant could insist upon his right to pay all advertising and printing fees directly to the newspaper owner or publisher. Further there is no provision in this section which would prevent a sheriff from requiring each complainant desiring legal printing of sales to pay the costs of such advertising directly to the newspaper.

The procedure which is followed in the surrogate's office of Monmouth county and many others, if not all, surrogate's offices throughout the state, obviates the occurrence of any situation such as has arisen in the case *sub judice.*

In all estate matters requiring legal advertising the surrogate directs the advertising in the newspapers and requires the newspapers to send a bill for such printing to the representatives of the different estates.

"The sheriff considered as a mere ministerial officer has no authority in the absence of statute to pledge the credit of the county or create a county debt." 57 *Corp. Jur.* 789.

"A county is not liable for expenses incurred by the sheriff without authority although in connection with the performance of his duties." 57 *Corp. Jur.* 1134.

Vice-Chancellor Pitney in the case of *Daly* v. *Ely,* 53 *N. J. Eq.* 270; 31 *Atl. Rep.* 396, held that a sheriff in procuring an advertisement for a sheriff's sale was not acting as an officer of the county, but rather as an officer of the Court of Chancery and held further that the advertisement is not made by or on behalf of the county. At page 273 the vice-chancellor states:

"But the further point was taken that neither the sheriff nor the special master are within the class to whom the power of increased payment is given, and that if the sheriff be properly classed as an officer of the county, still, in procuring this advertisement, he was not acting as such, but was acting as the special officer of the Court of Chancery, and that the true construction of the act of 1891 is that the advertisement for which the officer is authorized to pay the price therein named must be an advertisement by or on behalf of the county or municipality of which he is an officer, and does not apply to an advertisement made by the sheriff when acting as the officer of the Court of Chancery.

"I am inclined to think that this point is well taken. The Court of Chancery is not obliged by law to send its process to any particular officer. It may send it to one of its own officers, as a special master, or to a person specially appointed, and when a process is sent to a sheriff he does not execute it by virtue of his office as sheriff of the county, but as an officer of the Court of Chancery. The advertisement is not made by or on behalf of the county or any municipality."

Mr. Justice Kalisch in *Sullivan* v. *McOsker,* 84 *N. J. L.* 380 (at *p.* 382); 86 *Atl. Rep.* 497, referred to a sheriff as

an agent of the county, but the point was not specifically decided in that case. In fact it has never been definitely determined by our courts in New Jersey whether a sheriff is an agent for the county he serves.

Assuming, but not deciding, that a sheriff is an agent of his county, his acts in order to impose liability on his county must be plainly within the scope of his agency. The advertisements in the instant case were not ordered by or on behalf of the county of Monmouth and the sheriff cannot be deemed to have the authority to pledge the credit of his county in such transactions.

If the legislature had intended to convey to a sheriff any such authority, the statutes requiring him to turn all fees collected by him over to the county collector of his county (*Comp. Stat., p.* 4643, §§ 38, 39, *supra*) would have included a requirement for an accounting by him of advertising costs, or deposits paid to him to secure advertising costs.

In the absence of any such statutory requirement I conclude that the sheriff in the instant case, if acting as an agent at all, was the agent of the various complainants in placing these legal advertisements, or perhaps the agent of the Court of Chancery, but clearly not the agent of Monmouth county.

The motion is granted.